UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

RICTOR LEROY MURGAW, JR.,

Plaintiff,

v.  CAUSE NO. 1:21-CV-390-WCL-SLC

CHAD MICHAEL MCGUIRE, et al.,

Defendants.

OPINION AND ORDER

Rictor Leroy Murgaw, Jr., a prisoner without a lawyer, filed a complaint from the Tipton County Jail about an accident that occurred on a job before he went to jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Murgaw alleges he suffered severe hip and back injuries when he fell off a two-story roof, while repairing a roof for his friend. He sues the friend who hired him, as well as his friend's landlord, for his medical bills and lost wages.

Murgaw's case appear to be in the wrong court system. Unlike state courts, which are courts of general jurisdiction, federal courts are courts of limited jurisdiction.

*Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). This means that federal courts can hear only certain types of cases—typically cases involving a federal question or cases that fall under diversity jurisdiction. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). If neither of these present, the court must dismiss the case for lack of subject matter jurisdiction without considering the facts of the case.

Federal question jurisdiction requires that a plaintiff allege a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Murgaw alleges he fell because his friend, a private citizen, did not properly install roof jacks on the roof. Thus, he is alleging negligence, which is a state-law claim. The facts do not suggest that any federal constitutional or statutory violation has occurred.

This court can hear state law claims if diversity jurisdiction exists. Diversity jurisdiction requires that the amount in controversy exceeds $75,000, and that there is complete diversity of citizenship between Murgaw and all defendants. *See* 28 U.S.C. § 1332. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium). Domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir. 1996). Murgaw alleges that both defendants live in Gas City, Indiana, so it is reasonable to assume they Indiana citizens. Murgaw does not allege his citizenship, but it is reasonable to assume that, because he is in an Indiana jail, he was an Indiana citizen before his detention. Furthermore, Murgaw alleges only $60,000 in damages, which is not enough to satisfy the amount in controversy requirement.

Based on this complaint, it does not appear this court has jurisdiction over these claims. It is legally frivolous to sue in a court that lacks jurisdiction. Nevertheless, Murgaw may file an amended complaint if he believes he can allege a basis for this court's jurisdiction because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. He will need to state both his domicile and the domicile of the defendants, if different from the address listed on the complaint, and detail the amount of damages he claims to have suffered. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Rictor Leroy Murgaw, Jr.;

(2) GRANTS Rictor Leroy Murgaw, Jr., until **December 10, 2021**, to file an amended complaint; and

(3) CAUTIONS Rictor Leroy Murgaw, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not allege a basis for subject matter jurisdiction.

SO ORDERED ON November 8, 2021.

s/William C. Lee  
JUDGE WILLIAM C. LEE

UNITED STATES DISTRICT COURT

4